FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ NOV 18 2011 ★

BROOKLYN OFFICE

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re:* | ) |
| | ) |
| CHRISTINE PERSAUD, | ) |
| | ) |
| Debtor. | ) |
| | ) |

MAUSKOPF, J.

Bankr. Case No: 10-44815-ess

E.D.N.Y. Case No. _____

**CV11-5640**

### MEMORANDUM OF LAW
### IN SUPPORT OF MOTION PURSUANT TO BANKRUPTCY RULE 8005
### FOR A STAY OF CERTAIN ORDERS OF THE BANKRUPTCY COURT WHICH HAVE
### BEEN APPEALED FROM, PENDING THE DETERMINATION OF THE APPEAL

Abraham Klein, Melquisedec Escobar, Joel Klein, Philip Gottehrer and Caring Home Care Agency (collectively referred to herein as the "Movants"), through their attorneys of record, Mendel Zilberberg & Associates, P.C., hereby respectfully submit this Memorandum of Law in support of their Motion for the entry of an order staying, pursuant to Rule 8005 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), five Amended Orders from the Bankruptcy Court for the Eastern District of New York (Stong, J.) entered on November 10, 2011, which have been appealed from by the Movants, pending the determination of the appeal.

### POINT I

### THE MOVANTS ARE ENTITLED TO A STAY

When deciding a motion for a stay pending appeal pursuant to Bankruptcy Rule 8005, a Court must consider, "(1) whether the movant has demonstrated a substantial possibility, although less than a likelihood, of success on appeal; (2) whether the movant will suffer irreparable injury without a stay; (3) whether any party will suffer substantial injury if a stay is issued; and (4) whether public interests may be implicated." *In re* Metiom, Inc., 318 B.R. 263, 266 (Bankr. S.D. N.Y. 2004); see also, *In re* Motors Liquidation Co., 436 B.R. 752 (S.D.N.Y. 2010).

1

As will be set forth in more detail herein, the Movants amply satisfy said standards and are thus entitled to a stay of the Amended Orders pending their appeal.

**A.    The Movants have demonstrated more than a substantial possibility that Caring is not property of the Estate, and therefore, the Bankruptcy Court lacked subject-matter jurisdiction to order document productions pursuant to Rule 2004, and the Amended Orders should be reversed.**

The Arbitrator's Award dated March 31, 2009 (the "Award"), which was judicially confirmed more than one year prior to the Debtor filing for bankruptcy protection [1], awarded 100% of Caring to Creditor Klein, subject only to receiving the necessary governmental approvals to become the sole operator of Caring, setting forth that,

> "[Creditor] Klein has a 50% ownership interest in both Caring and Liberty in accordance with the terms of the Agreement, subject to the approvals of the agencies with jurisdiction, which interest in Liberty shall cease as soon as he, or his designee, is approved by the agencies with jurisdiction *to be the sole operator of Caring*. [...]
>
> If [Debtor Persaud] works at and for the benefit of Caring during the pendency of the license transfer, for and at the offices of Caring, for a minimum of 30 hours per week, she will be entitled to compensation of $1,000 per week and no more for any reason until the provisions of this Award are fully complied with *and thereafter she has no residual interest or rights in Caring*."
>
> Arbitration Award in the Matter of Klein v. Persaud, et al., March 31, 2009, p. 7-8, (emphasis added).

The Chapter 7 Trustee failed to show any rational basis to interpret the Award as conveying to Debtor Persaud, or allowing Debtor Persaud to retain, any real or equitable ownership interest in Caring, which would be contrary to the Award's plain meaning, and to the reading of the Debtor's

---

[1] On May 10, 2011, the State Appellate Court issued a decision remanding the State Court action to the lower court for a new confirmation hearing regarding the Award. Creditor Klein maintains that said decision from the State Appellate Court is violative of the automatic bankruptcy stay, and on September 9, 2011 made a motion in front of the Bankruptcy Court to vacate same. However, even though the Bankruptcy Court has not made a ruling regarding same, even if it would find that the State Appellate Court decision is proper, and the Award would indeed be subject to a new confirmation hearing, the parties would still be collaterally estopped from re-litigating the issues decided by the Award.

2

counsel in the State Court action, according to statements made by different attorneys representing the Debtor, who set forth in different pleadings that the Award conveyed 100% of Caring to Creditor Klein, thus judicially admitting said fact on the part of the Debtor.

The Second Circuit in <u>Jacobson v. Fireman's Fund Insurance Company,</u> 111 F.3d 261 (2d Cir. 1997), cites to <u>Migra v. Warren City School Dist. Bd. of Educ.,</u> 465 U.S. 75, 104 S.Ct. 892, 896 (1984), for the proposition that, "A federal court must give to a state court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." <u>Fireman's Fund Insurance Co.,</u> then applies <u>Warren City School Dist. Bd. Of Educ.</u> for the proposition that, "Because the umpire's awards against Jacobson were rendered in the context of a New York state action, 'the preclusive effect in federal court of [those] state court judgment[s] is determined by [New York ] law,' and our analysis is therefore governed by New York's 'transactional approach to res judicata, barring a later claim arising out of the same factual grouping as an earlier claim arising out of the same factual grouping as an earlier litigated claim even if the later claim is based on different legal theories or seeks dissimilar or additional relief.'" <u>Id.</u> at 265.

As the Second Circuit holding directs the inquiry to applicable State law, the following is instructive and indicative that the Second Circuit holding would render the instant Arbitration Award as having res judicata effect.

Furthermore, New York State Appellate Division, First, Second and Third Department precedents have held that "an arbitration award, even one never confirmed, may serve as the basis for the defense of collateral estoppel in a subsequent action." <u>Acevedo v. Holton,</u> 239 A.D.2d 194, 195, 657 N.Y.S.2d 407, 409 (1st Dep't 1997); <u>see, Hibbert v. Avwontom,</u> 35 A.D.3d 813, 814, 826 N.Y.S.2d 441, 442 (2d Dep't 2006); <u>County of Rockland v. Aetna Casualty & Surety Co.,</u> 129

3

A.D.2d 606, 514 N.Y.S.2d 102, 103 (2d Dep't 1987); <u>Hilowitz v. Hilowitz</u>, 85 A.D.2d 621, 444 N.Y.S.2d 948, 949 (2d Dep't 1981) ("Plaintiff's contention that only a judicially confirmed arbitration award may form the basis for the defenses of res judicata and collateral estoppel is without merit. Judicial confirmation may be the recommended practice (see CPLR 7510; Siegel, New York Practice, § 601, p. 860), but the doctrines are applicable to issues resolved by arbitration where there has been a final determination on the merits (see <u>Kilduff v. Donna Oil Corp.</u>, 74 A.D.2d 562, 424 N.Y.S.2d 282), notwithstanding a lack of confirmation of the award); <u>McMenemy v. Goord</u>, 273 A.D.2d 665, 667, 709 N.Y.S.2d 683, 685 (3d Dep't 2000) ("Notably, the unconfirmed status of the arbitrator's decision does not preclude its collateral estoppel effect (*see, County of Rockland v. Aetna Cas. & Sur. Co.,* 129 A.D.2d 606, 607, 514 N.Y.S.2d 102, *lv. denied* 70 N.Y.2d 603, 518 N.Y.S.2d 1026, 512 N.E.2d 552; *Ecker v. Lerner,* 123 A.D.2d 661, 507 N.Y.S.2d 31; *Hilowitz v. Hilowitz,* 85 A.D.2d 621, 444 N.Y.S.2d 948)."); ("An arbitration award is res judicata on a subsequent claim for arbitration notwithstanding that the award was never confirmed.") *Hilowitz v. Hilowitz,* 85 A.D.2d 621, 444 N.Y.S.2d 948; <u>White v. State</u>, 615 N.Y.S.2d 811, 814-815, 161 Misc.2d 938, 942-943 (N.Y.Ct.Cl. 1994).

Accordingly, the Movants have made at least a *prima facie* case that the Debtor did not own or retain any ownership interests or rights in Caring at the time of her bankruptcy filing on May 26, 2010, and that there has not been any intervening event granting the Debtor an ownership interest in Caring, and thus the Bankruptcy Court lacked subject-matter jurisdiction to entertain, let alone grant, the Chapter 7 Trustee's applications for Bankruptcy Rule 2004 examinations and document productions to the extent they relate to Caring, according to Section 1334(e)(1) of the U.S. Code, which limits the Bankruptcy Court's jurisdiction to "all the property, wherever located, of the debtor **as of the commencement of such case,** and of property of the estate." 28 U.S.C. §

4

1334(e)(1) (emphasis added).

For his part, the Chapter 7 Trustee offered nothing more than unsubstantiated and conclusory allegations regarding the Debtor's supposed ownership of Caring, without any basis in fact to support said statements, therefore failing to demonstrate why is would be entitled to the relief sought in his applications, i.e., highly sensitive financial and corporate information of Caring and various private dealings of the Movants, in light of the Movants' overwhelming evidence demonstrating that Caring is not part of the Estate, and the Court's consequent lack of subject-matter jurisdiction to even entertain, let alone grant, said applications.

The Bankruptcy Court has set forth that Bankruptcy Rule 2004, "should only be used for the legitimate purpose of obtaining information relating to 'the acts, conduct, or property or to the liabilities and financial condition of the debtor or to any matter which may affect the administration of the debtor's right to a discharge.' The examination of a witness about matters having no relationship or no effect on the administration of an estate is improper." *In re* Coffee Cupboard, Inc., 128 B.R. 509, 514 (Bankr. E.D. N.Y. 1991). See also, *In re* Hilsen, 2008 WL 2945996 (Bankr. S.D. N.Y. 2008) ("Rule 2004 may be used to discover information about estate property, but it is not a proper means to inquire with respect to non-estate property. The Application clearly targets only one item of missing property—Kiss # 6, and the Application recognizes that this sculpture is not property of the Debtor's estate. Indeed, the record demonstrates convincingly that the sculpture, whatever may have happened to it and wherever it presently may be located, rightfully belongs to Ms. Hilsen and has been her property exclusively for at least the last ten years. Accordingly, the requested discovery relating to a sculpture that is non-estate property is not authorized under Rule 2004.").

The Movants have thus shown a substantial possibility of success on their claim that the

5

Court lacked subject-matter jurisdiction to entertain, let alone partially grant, the Chapter 7 Trustee's applications for examinations and document productions to the extent they related to an asset that is not property of the Estate, and therefore, the Amended Orders should be stayed pending the Movants' appeal.

**B.     The Movants will suffer irreparable injury without a stay of the Amended Orders pending their appeal.**

With respect to the second prong to be considered by the Court, Creditor Klein has amply shown that, as the sole owner of Caring according to the Arbitration Award, even only producing the documents ordered by the Amended Orders would certainly cause him an injury given the unnecessary, burdensome and damaging invasion of privacy, and the disruption to Caring's business that said production would entail.

Similarly, the other Movants will be forced to disclose personal and private information that bears no relation to the Estate and its administration, aside from incurring significant unnecessary expense.

Furthermore, this release of highly sensitive corporate and financial information that would further injure the Movants by giving an unfair advantage to Caring's competitors is unwarranted since it would be jurisdictionally infirm, having been based upon the Chapter 7 Trustee's complete lack of interest, both legal and equitable, in Caring.

Although the Bankruptcy Court set forth at the hearing on November 14, 2011 (attached to the Motion) that it went to great lengths to tailor the Amended Orders to minimize the documents it ordered the Movants to produce, the requirement to produce Caring's financial books and records does not seem to be of any help in clarifying Caring's ownership.

Accordingly, under these circumstances, there can be no discernible effect on the

6

administration of the Estate that would justify the irreparable injury that the Movants would suffer if a stay of the Amended Orders is not granted.

**C.    No other party will suffer substantial injury if a stay is issued.**

With respect to the third prong to be considered by the Court, the Movants submit that there is no party, other than the Movants, that would suffer substantial injury if the stay is granted insofar as even according to pleadings recently submitted by the Debtor to the Bankruptcy Court, Caring is not part of the Estate, the Estate has thus no rights over Caring, and this Court lacks subject-matter jurisdiction to even entertain the Chapter 7 Trustee's applications that it partially granted.

**D.    The public's interest in not having Courts exceed their jurisdiction is implicated in the Movants' appeal.**

Finally, with respect to the implication of public interests prong that the Court must consider, the Movants believe that there is a public concern in ensuring that Courts do not exceed the jurisdiction conferred to them by law, as is the case herein where the Bankrupcty Court partially granted the Chapter 7 Trustee's applications to the extent that they relate to Caring, while lacking subject-matter jurisdiction over said assets.

Accordingly, the Movants respectfully request that the Court stay the enforcement of the Amended Orders entered on November 10, 2011, pending the determination of the appeal.

**POINT II**

**THE AMENDED ORDERS ARE FINAL DISPOSITIONS OF A CLAIMED RIGHT, WHICH IS NOT AN INGREDIENT OF THE CAUSE OF ACTION AND DOES NOT REQUIRE CONSIDERATION WITH IT.**

Even though the Amended Orders are not final decisions disposing of the underlying case, they are "final dispositions of a claimed right, which is not an ingredient of the cause of action and

7

does not require consideration with it," and are thus appealable. Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546-547 (1949).

As the United States Supreme Court set forth in Cohen, *supra* at 546, there is a small class of decisions, "which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated."

The Movants maintain that the Amended Orders being appealed from finally dispose of the Movants' claim that the Court lacked subject-matter jurisdiction to order the production of documents relating to non-Estate property, insofar as per said Orders, the Movants have to produce the documents commencing on November 18, 2011, thereby precluding and rendering moot any future review of their claim ("When that time comes, it will be too late effectively to review the present order and the rights conferred by the statute, if it is applicable, will have been lost, probably irreparably. We conclude that the matters embraced in the decision appealed from are not of such an interlocutory nature as to affect, or to be affected by, decision of the merits of this case." Ibid.).

8

**WHEREFORE**, the Movants respectfully request that the Court grant their Motion in its entirety, together with such other and further relief that the Court deems just and proper.

Dated: Brooklyn, New York
November 17, 2011

MENDEL ZILBERBERG & ASSOCIATES, P.C.
*Attorneys for the Movants*

By: _____
Mendel Zilberberg (MZ-6625)
6619 Thirteenth Avenue
Brooklyn, New York 11219
Telephone (718) 256-2000
Facsimile (718) 256-7900
Email: mz@amalgamail.com

_____
Joel Levittes (JL-6576), *of counsel*

9